UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PATRICIA DUDEK** | : | **Case No. 1:08-CV-2159** |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN M. O'MALLEY** |
| **v.** | : | |
| **THOMAS & THOMAS** | : | **MEMORANDUM & ORDER** |
| **ATTORNEYS & COUNSELORS** | | |
| **AT LAW, LLC** | : | |
| **Defendant.** | : | |

Before the Court is Defendant Thomas & Thomas Attorneys & Counselors at Law, LLC's

Motion for Judgment on the Pleadings. (Doc. 9.) This Motion has been fully briefed and is ripe for

adjudication. For the reasons articulated below, Defendant's Motion for Judgment on the Pleadings

is **GRANTED**, and this matter is **DISMISSED**.

I.    **BACKGROUND**

A.    **Factual Background**

Unless otherwise noted, the following facts are undisputed:

On November 30, 2007, Defendant Thomas & Thomas Attorneys & Counselors at Law, LLC

("T&T") filed a complaint against Plaintiff Patricia Dudek ("Dudek") in the Lorain County Court

of Common Pleas on behalf of its client, LVNV Funding LLC ("the State Court Complaint"). (Doc.

4 at ¶¶ 5, 11.) In the State Court Complaint, T&T alleged that LVNV Funding, as the predecessor

in interest to the original creditor, Providian Financial Corporation, owned a credit card debt

allegedly owed by Dudek. (*Id.* at 12 (State Court Complaint at ¶ 1).) T&T further alleged that,

despite demand for payment, Dudek refused to pay the balance owed. (*Id.*) T&T attached to the

State Court Complaint an affidavit signed by Heather Robertson, an authorized representative of

LVNV Funding, attesting that Dudek owed LVNV Funding the amount of $2196.29, plus interest accruing at a rate of 10% from July 22, 2002, on her account number ending in 3065.  (Doc. 9-1 at ¶¶ 2, 5.)[1]

In response to the State Court Complaint, Dudek filed an answer in which she: (1) denied the allegations contained therein; and (2) asserted several affirmative defenses, including a statute of limitations defense.  Dudek did not identify which state's statute of limitation she was invoking. During the course of discovery in the state court action, counsel discussed Dudek's position that the case was time-barred.  (Doc. 4 at ¶ 17; Doc. 8 at ¶ 12.)  On September 3, 2008, immediately before the trial was scheduled to begin, T&T dismissed the State Court Complaint without prejudice.  (Doc. 4 at ¶ 19; Doc. 11 at 3.)

### B.    Procedural History and Jurisdiction

### 1.    Federal Court Proceedings

On September 9, 2008, Dudek filed the instant suit against T&T alleging violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.  (Doc. 4.)[2]  Specifically, in the single cause of action contained in the Complaint, Dudek alleges that T&T violated the FDCPA by

---

[1]Although Dudek attached a copy of the State Court Complaint and the accompanying exhibits to her Complaint in this case, the copy of Heather Robertson's affidavit was improperly scanned and is difficult to read.  T&T provided a legible copy of the affidavit as an attachment to its Motion for Judgment on the Pleadings, to which the Court cites herein.

[2]In the Complaint, Dudek alleges that this action is:

brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, codified as 15 U.S.C.A. § 1692 et seq. and the Ohio Revised Code § 1343.03, et seq., both of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

(Doc. 4 at ¶ 1.)  Although Dudek mentions O.R.C. § 1343.03, the sole count in the Complaint alleges a FDCPA claim.  No Ohio state law claims are alleged.

filing the State Court Complaint in an attempt to collect on a time-barred debt.  Dudek's Complaint seeks actual damages as well as statutory damages, costs, and attorney fees pursuant to 15 U.S.C. § 1692k.  (*Id*. at ¶¶ 27-29.)

In her Complaint, Dudek asserts that this Court has jurisdiction pursuant to 15 U.S.C. § 1692(d) and 28 U.S.C. § 1337.[3]  (*Id*. at ¶ 2.)  The FDCPA specifically provides for federal jurisdiction over claims made pursuant to the act.  *See* 15 U.S.C. § 1692k(d).  Accordingly, the Court has federal question jurisdiction under 28 U.S.C. § 1331.

On November 25, 2008, T&T filed an answer denying liability but admitting, among other things, that the debt allegedly owed by Dudek is a consumer debt, and that, under the facts of this case, T&T qualifies as a "debt collector" as defined in the FDCPA.  (Doc. 8 at  ¶¶ 4, 9.)  T&T asserted several affirmative defenses, including a bona fide error defense pursuant to 15 U.S.C. § 1692k(c).  (*Id*. at ¶ 2.)

### 2.	T&T's Motion for Judgment on the Pleadings

Subsequently, on March 5, 2009, T&T filed a Motion for Judgment on the Pleadings (Doc. 9), on the basis that its conduct in filing the State Court Complaint against Dudek did not violate the FDCPA because its state law claim was not time-barred.  Specifically, T&T argues that: (1) its state court collection action against Dudek was timely filed within the applicable Ohio statute of limitations; (2) Ohio's borrowing statute, O.R.C. § 2305.03(B), was not in effect at the time the breach of contract claim accrued, and, therefore, Dudek cannot borrow the limitations period from any other state; and (3) even if Ohio's borrowing statute did apply, analysis under the statute still requires application of Ohio's statute of limitations.  On April 30, 2009, Dudek filed a Response in

---

[3]Because it is clear that the Court has federal question jurisdiction under § 1331, it is unnecessary to address whether jurisdiction is proper under § 1337.

3

Opposition to Defendant's Motion for Judgment on the Pleadings (Doc. 11).  Although the Complaint is silent with respect to which state's statute of limitations applies to the state court action, in her briefing, Dudek clarifies her position that, pursuant to the choice of law provision in the underlying credit card agreement, New Hampshire's three-year limitations period applies.  T&T filed a Reply in support of its Motion on May 11, 2009.  (Doc. 12.)[4]  Dudek does not premise her FDCPA claim on any alleged wrongdoing by T&T other than the filing of what Dudek asserts was a time-barred collection action.

### 3.    The Choice of Law Provision

To determine whether Dudek's Complaint states a claim under the FDCPA, the Court must ascertain whether the underlying state court action was filed within the applicable statute of limitations.  Resolution of this issue depends, at least in part, on whether the choice of law provision in the credit card agreement between the parties requires application of New Hampshire's statute of limitations.  Neither party attached a copy of the underlying agreement to their briefing, and the parties' briefing does not provide the Court with the specific language used in the choice of law provision.

---

[4]At the Case Management Conference ("CMC") held on December 17, 2009 in front of Magistrate Judge Kenneth S. McHargh ("Judge McHargh"), the parties discussed the Court's jurisdiction in light of T&T's repeated citations and references to case law involving a federal court sitting in diversity.  At the CMC, Judge McHargh requested that the parties submit supplemental briefing on the question of whether the fact that the Court has federal question jurisdiction, rather than diversity jurisdiction, has any impact on the Court's choice of law analysis.  (Doc. 17.)  T&T submitted a supplemental brief on January 4, 2010 clarifying its position that the Court "must determine what statute of limitations would have been applied by the trial court in the State Court Action filed in 2007."  (Doc. 18 at 2.)  Although Judge McHargh gave Dudek fourteen (14) days from the date of T&T's supplemental briefing to file a response, Dudek did not file a responsive brief until March 10, 2010 (Doc. 22).  While the Court could refuse to consider Dudek's untimely filing, T&T has not asked that it do so and there appears to be no prejudice to T&T from Dudek's delay; the Court has, thus, considered all briefing.

At the CMC held on December 17, 2009, the parties agreed to file a stipulated copy of the relevant choice of law provision.  Accordingly, in the Case Management Plan (Doc. 17), Magistrate Judge McHargh ordered the parties to submit the choice of law provision as a joint exhibit.  On March 11, 2010, the parties submitted a copy of the relevant card member agreement:  Providian's VISA Classic First Deposit National Bank Account Agreement ("the Agreement").  (Doc. 24-1.) The parties stipulate that the Agreement is the contract applicable to Dudek's credit card account. (Doc. 24.)  Section 16 of the Agreement states: "No matter where you live, this Agreement and your Credit Card Account are governed by federal law and by New Hampshire law."  (*Id*. at 3.)[5]

## II.   **STANDARD OF REVIEW**

The standard for a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is the same as the standard applicable to a motion to dismiss under Rule 12(b)(6).  *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001).  The purpose of a motion under either rule is to test the sufficiency of the complaint – not to decide the merits of the case.

It is well-established that a complaint need not set forth in detail all of the particularities of

---

[5]The Agreement further states, in pertinent part, that: "We may delay or waive enforcement of any provision of this Agreement without losing our right to enforce it or any other provision later.  You waive: . . . any applicable statute of limitations."  (Doc. 24-1 at 3, § 15.)  T&T has neither mentioned this provision nor made any argument that it is valid and enforceable.  Absent argument from the parties on this issue, the Court will not assume its validity and enforceability, particularly since jurisdictions have different views on the enforceability of provisions waiving statute of limitations defenses.  *See* 51 Am. Jur.2d Limitation of Actions § 376 (2010).  The parties do not brief this issue, and the Court does not address it.  It is worth noting, however, that in the state court action there may have been a basis for T&T to argue that Dudek waived, and therefore could not assert, a statute of limitations defense.

the plaintiff's claim. *See Myers v. Delaware Co.*, No. 2:07-cv-844, 2009 U.S. Dist. LEXIS 98143, *6 (S.D. Ohio Oct. 22, 2009). Instead, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 does not, however, "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). While legal conclusions can provide the framework for a complaint, all claims must be supported by factual allegations. *Id*. The Supreme Court has indicated that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action" is insufficient).

To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim for relief that is <u>plausible</u> on its face." *Twombly*, 550 U.S. at 570 (emphasis added). The requisite facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. The plausibility requirement is not the same as a "probability requirement" but instead "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Therefore, where a complaint pleads facts that are "merely consistent with" the defendant's liability, "its stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (citing *Twombly*, 550 U.S. at 557). Examining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950.

A district court considering a motion for judgment on the pleadings must construe the

6

complaint in the light most favorable to the plaintiff and accept all well-pleaded allegations in the complaint as true.  *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998); *Iqbal*, 129 S.Ct. at 1950 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").  Where the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim.  *Iqbal*, 129 S.Ct. at 1950.  In sum, the allegations in the complaint must "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.

In ruling on a Rule 12(c) motion, the court considers all available pleadings, including the complaint and the answer.  *See* Fed.R.Civ.P. 12(c).  The court can also consider: (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion for judgment on the pleadings that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice.  *Whittiker v. Deutsche Bank National Trust Co.*, 605 F.Supp.2d 914, 924-25 (N.D. Ohio 2009); *Greenberg v. Life Ins. Co.*, 177 F.3d 507, 514 (6th Cir. 1999); *see also* Fed.R.Civ.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.").

In her briefing in response to T&T's Motion for Judgment on the Pleadings, Dudek argues that the Court must disregard exhibits attached to the pleadings.  (Doc. 11 at 5.)  Ironically, Dudek actually attached the State Court Complaint, its accompanying exhibits, and her state court answer as exhibits to her Complaint.  These documents are referred to in Dudek's Complaint and are central to her allegations.  In addition, the court filings are admissible as public records.  *See New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003)

7

(finding that the court could consider a prior complaint when ruling on a motion to dismiss because "such materials are public records or are otherwise appropriate for the taking of judicial notice"). As a result, the Court can consider the documents attached to the Complaint in ruling on T&T's Motion. *See Whittiker*, 605 F.Supp.2d at 924-25.

Unlike Ohio Rule of Civil Procedure 10(D), the Federal Rules do not require plaintiffs to attach the contract at issue to the complaint.  It is clear, however, that the choice of law provision in the underlying credit card agreement is critical to the sole claim in Dudek's Complaint: that the underlying state court action was barred by the applicable statute of limitations.  Because the choice of law provision in the Agreement is central to Dudek's alleged cause of action, the Court can consider its terms in ruling on the pending Motion.[6]

## III.  **ANALYSIS**

The parties do not dispute that, for purposes of this case, T&T is a "debt collector" whose litigation activity is subject to the FDCPA. (*See* Doc. 4 at 6; Doc. 8 at 4.)  The sole count in Dudek's Complaint alleges that T&T violated Section 1692e of the FDCPA by filing the state court action to collect upon a time-barred debt.  (Doc. 4 at ¶ 23.)  Section 1692e provides that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  A debt collector violates § 1692e by, among other things, falsely representing "the character, amount, or legal status of any debt." *See* § 1692e(2)(A).  As courts in other jurisdictions have pointed out, "[c]ommon sense dictates that whether a debt is

---

[6]It is unclear why the parties seemed reluctant to file the Agreement and did not do so until March 11, 2010.  Neither party has alleged that it is improper for the Court to consider the terms of the choice of law provision, nor can they, particularly since the validity of Dudek's FDCPA claim turns on whether the underlying state court action was governed by Ohio or New Hampshire's statute of limitations.

time-barred is directly related to the legal status of that debt." *Gervais v. Riddle & Assocs., P.C.*, 479 F.Supp.2d 270, 277 (D. Conn. 2007) (quoting *Shorty v. Capital One Bank*, 90 F.Supp.2d 1330, 1331 (D. N.M. 2000)).[7]

Similarly, § 1692f prohibits a debt collector from using any "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.  Filing a lawsuit to collect upon a time-barred debt, "without first determining after a reasonable inquiry that the limitations period is due to be tolled, constitutes an unfair and unconscionable practice offensive to § 1692f." *Kimber v. Federal Fin. Corp.*, 668 F.Supp. 1480, 1487 (D. Ala. 1987).

The parties agree that resolution of T&T's Motion for Judgment on the Pleadings turns on which state's statute of limitations applies to the underlying state court action.  If, as Dudek argues in her briefing, New Hampshire's three-year statute of limitations applies, and the period was not tolled, then Dudek has stated a claim in this case with respect to T&T's untimely filing of the state court suit.  Conversely, if T&T is correct, and either Ohio's fifteen-year limitations period for written contracts or six-year period for oral contracts applies, the state court action was timely filed and Dudek has failed to state a claim under the FDCPA.

_____

[7]Although the Sixth Circuit has not directly addressed the issue, courts in other jurisdictions have found that a debt collector violates the FDCPA by filing a lawsuit to collect on a time-barred debt.  *See Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 332 (6th Cir. 2006) (noting that the Sixth Circuit has never addressed this issue and expressing no opinion on the question); *McCollough v. Johnson, Rodenberg & Lauinger*, 587 F.Supp.2d 1170, 1176 (D. Mont. 2008) ("A debt collector violates the FDCPA by using the courts to collect a time-barred debt."); *Beattie v. D.M. Collections, Inc.*, 754 F.Supp. 383, 393 (D. Del. 1991) ("[T]he threatening of a lawsuit which the debt collector knows or should know is unavailable or unwinnable by reason of a legal bar such as the statute of limitations is the kind of abusive practice the FDCPA was intended to eliminate."); *Freyermuth v. Credit Bureau Servs.*, 248 F.3d 767, 771 (8th Cir. 2001) (concluding that, "in the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid").

For the reasons articulated below, the Court finds that: (1) the state court action was governed by Ohio's statute of limitations; (2) Ohio's borrowing statute does not apply because the underlying breach of contract action accrued prior to the statute's effective date; and (3) T&T's state court breach of contract action against Dudek was not time-barred. Accordingly, the Court finds that T&T is entitled to judgment on the pleadings on Dudek's FDCPA claim.

### A.   Ohio's Statute of Limitations Applies to the State Court Action.

T&T argues that the Ohio state court would apply Ohio's statute of limitations to the underlying state court action, even if it had to apply another state's substantive law. (Doc. 9 at 5.) Although Dudek initially argues that, pursuant to the choice of law provision in the Agreement, the state court had to apply New Hampshire substantive law *and* choice of law principles, she ultimately concedes that contractual choice of law provisions apply only to substantive law. (Doc. 11 at 6; Doc. 22 at 2.) The Court finds that Ohio's choice of law principles govern, and the Ohio state court would apply Ohio's statute of limitations, regardless of which state's law provides the substantive right of recovery.

The Ohio Supreme Court has adopted the Restatement (Second) of Conflict of Laws to govern conflict of law issues. *Cole v. Mileti*, 133 F.3d 433, 437 (6th Cir. 1998). When there is a conflict between two states' statutes of limitations, the Restatement provides that "[a]n action will be maintained if it is not barred by the statute of limitations of the forum, even though it would be barred by the statute of limitations of another state." *Id.* (citing Restatement (Second) of Conflict of Laws § 142(2) (1971)).[8] Therefore, Ohio courts are required to apply Ohio's statute of limitations

_____

[8]Section 142 of the Restatement was revised in 1988. Despite this revision, Ohio courts continue to apply the original version of § 142. *See Ormond v. Anthem, Inc.*, No. 05-cv-1908, 2008 U.S. Dist. LEXIS 30230, *56 (S.D. Ind. Mar. 31, 2008) ("Ohio courts . . . have consistently

to an action filed in Ohio even if that action would be time-barred in another state.  *Id*.

As a general rule, parties are free to select which state's law will govern their agreements. *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994); *WIS-Bay City, LLC v. Bay City Partners, LLC*, No. 3:08CV1730, 2009 U.S. Dist. LEXIS 49806, *8 (N.D. Ohio June 12, 2009) ("Generally, Ohio courts will honor a choice-of-law clause selected by parties to a contract.").  It is well-established, however, that "contractual choice-of-law clauses incorporate only substantive law, not procedural provisions such as statutes of limitations." *Cole*, 133 F.3d at 437*; Metz v. Unizan Bank*, 416 F.Supp.2d 568, 573 (N.D. Ohio 2006) (noting that for choice of law purposes, "statutes of limitations are considered procedural laws").  Absent express language in the choice of law provision indicating that the parties intend another state's statute of limitations to apply, "the procedural law of the forum governs time restrictions on an action for breach, while the law chosen by the parties governs the terms of their contract."  *Cole*, 133 F.3d at 437; *see also Midland Funding, LLC v. Paras*, No. 93442, 2010-Ohio-264, ¶ 12 (Ohio Ct. App. Jan. 28, 2010) (finding that Ohio's fifteen-year statute of limitations applied, even though the parties selected Virginia law to govern their agreement, because "there was no express statement in the agreement that the parties intended Virginia's statute of limitations to apply").

As previously noted, Section 16 of the Agreement simply provides: "No matter where you live, this Agreement and your Credit Card Account are governed by federal law and by New Hampshire law."  The Agreement does not contain an express statement that the parties intended to

---

applied the approach embodied by the original version of § 142 . . . In the face of this nearly universal application of the original version of § 142, the Ohio Supreme Court has remained silent.") *but see Curl v. Greenlee Textron, Inc*., 404 F.Supp.2d 1001, 1009 (S.D. Ohio 2005) (adopting the 1988 version of § 142 to determine which state's statute of limitations applied).

include New Hampshire's statute of limitations in the choice of law provision. The Court finds, therefore, that the Ohio state court would have applied Ohio's statute of limitations, even if, pursuant to the parties' agreement, it had to apply New Hampshire's substantive law.

**B.     Ohio's Borrowing Statute Does Not Apply to T&T's State Court Claim.**

A borrowing statute "is a legislative exception from the general rule that the forum always applies its statute of limitation."  *See Combs v. Int'l Ins. Co.*, 354 F.3d 568, 578 (6th Cir. 2004). Although they vary from state to state, all borrowing statutes "provide that the forum state will apply the statute of limitations from the foreign jurisdiction in which the cause of action accrued."  *Id*. at 578.  As a general rule, if a plaintiff's cause of action accrued outside the forum state, the forum state will apply either its own limitation period or that of the state where the claim accrued – whichever is shorter.  *See id.; see also CMACO Automotive Systems, Inc. v. Wanxiang America Corp*., 589 F.3d 235, 244 (6th Cir. 2009) (noting that borrowing statutes give a plaintiff "the least time to commence the action").   In other words, when the borrowing statute applies, a state court will refuse to hear a claim that accrued in another state if the claim is time-barred under that other state's limitations period.  *See Curl v. Greenlee Textron, Inc*., 404 F.Supp.2d 1001, 1008 (S.D. Ohio 2005).

Borrowing statutes address the situation where a plaintiff fails to sue within the time period allotted by the state where the action accrued, and then files suit in another state's court to avoid the time bar.  *See Combs*, 354 F.3d at 589-91 (noting that borrowing statutes are designed to prevent forum shopping and to "reflect respect for state sovereignty"). These statutes are considered procedural in nature, and are applied along with the forum state's statute of limitations. *See Willits v. Peabody Coal Co.*, Nos. 98-5458, 98-5527, 1999 U.S. App. LEXIS 21095, *37 (6th Cir. 1999) (finding that the district court properly applied Kentucky's borrowing statute "because a federal court

12

sitting in diversity must apply the procedural law of the forum state, including its statutes of limitations"); *Executone of Columbus, Inc. v. Inter-Tel, Inc.*, 665 F.Supp.2d 899, 916 (S.D. Ohio 2009) (stating that "[b]orrowing statutes are part of the procedural law of the forum state").

Ohio's borrowing statute, codified at O.R.C. § 2305.03, provides, in part, that:

> No civil action that is based upon a cause of action that accrued in any other state, territory, district, or foreign jurisdiction may be commenced and maintained in this state if the period of limitation that applies to that action under the laws of that other state, territory, district, or foreign jurisdiction has expired or the period of limitation that applies to that action under the laws of this state has expired.

O.R.C. § 2305.03(B).  Therefore, if either Ohio's statute of limitations or the limitations period of the state where the cause of action accrued has expired, the action should be dismissed.

Ohio's borrowing statute went into effect on April 7, 2005.  The parties appear to agree that T&T's breach of contract claim against Dudek accrued on July 22, 2002.  Nonetheless, Dudek argues that Ohio's borrowing statute applies to the state court action and requires application of New Hampshire's three-year statute of limitations.  According to Dudek, because the parties selected New Hampshire law to govern the Agreement, T&T's breach of contract claim necessarily accrued in New Hampshire. (Doc. 11 at 7-8.)[9]  As a result, Dudek argues, Ohio's borrowing statute requires application of New Hampshire's shorter three-year limitations period.  (*Id.*)[10]

_____

[9]Dudek cites no authority for the proposition that a cause of action necessarily accrues in the state the parties selected in their choice of law provision.

[10]Dudek suggests that Ohio's borrowing statute applies and that it requires the Court to look to New Hampshire law to determine where the breach accrued for purposes of the borrowing statute.  (Doc. 11 at 7-8.)  Simply put, Dudek is wrong on the law.  If the Court were to find that Ohio's borrowing statute applies, the Court would apply Ohio law "to make the initial determination *where* the cause of action accrued."  *CMACO Automotive Systems, Inc. v. Wanxiang America Corp.*, 589 F.3d 235, 242 n.6 (6th Cir. 2009) (citation omitted).  The Court would then "borrow the law of the jurisdiction where the cause of action accrued for purposes of interpreting that state's statute of limitation."  *Id*.  Given the other conclusions it reaches in this

To the contrary, T&T submits that, because Ohio's borrowing statute did not become effective until April 7, 2005, application of the statute to its breach of contract claim, which accrued in 2002, would be impermissibly retroactive. The Court finds T&T's argument well-taken.

### 1.    There is No Evidence the Ohio General Assembly Intended its Borrowing Statute to Apply Retroactively.

The Ohio Constitution provides: "The General Assembly shall have no power to pass retroactive laws." Ohio Const. art. II, § 28. The Ohio Supreme Court has held that "[w]hen the retroactive application of a statute of limitation operates to destroy an accrued substantive right, such application conflicts with Section 28, Article II of the Ohio Constitution." *Gregory v. Flowers*, 290 N.E.2d 181, para. 3 of syllabus (Ohio 1972). It is well-established that, in the absence of a "clear pronouncement by the General Assembly that a statute is to be applied retrospectively, a statute may be applied prospectively only." *State v. LaSalle*, 772 N.E.2d 1172, 1175 (Ohio 2002); *see also State v. Brooks*, 837 N.E.2d 796, 800 (Ohio App. 2005) ("In determining whether a statute is unconstitutionally retroactive, a court must first determine whether the General Assembly intended it to apply retroactively. In the absence of such an express finding by the General Assembly, the presumption of prospective application may not be overcome, and the court's inquiry into whether the statute may be constitutionally applied retrospectively ends.")

Nothing in the language of O.R.C. § 2305.03(B) demonstrates that the Ohio General Assembly intended the statute to apply retroactively.[11] The Court has not located any case law

_____

Order, the Court does not undertake this analysis.

[11]Dudek argues that there is some significance to the General Assembly's use of the word "accrued" rather than "accrues" in the statute. (Doc. 11 at 10.) Specifically, Dudek suggests that the legislature intentionally selected the past tense because it "intended the statute to be applied

14

suggesting that the legislature intended O.R.C. § 2305.03(B) to apply retroactively, and the parties have cited none. And, the few courts that have considered this issue have held that the borrowing statute cannot be applied retrospectively. *Curl*, 404 F.Supp.2d at 1008 ("[T]here [is] no precedent showing that Ohio courts would apply § 2305.03 retroactively."); *D.A.N. Joint Venture, L.P. v. Armstrong*, No. 2006-L-089, 2007-Ohio-898, ¶ 29 (Ohio Ct. App. 2007) ("Amended R.C. 2305.03(B) cannot be applied retroactively . . ."); *Ormond v. Anthem, Inc.*, No. 05-cv-1908, 2008 U.S. Dist. LEXIS 30230, *59, n.12 (S.D. Ind. Mar. 31, 2008) ("There is no evidence that the Ohio General Assembly intended its borrowing statute to be applied retrospectively.").

    **2.**    **Application of Ohio's Borrowing Statute to the State Court Action Would Destroy an Accrued Substantive Right.**

    T&T cites to *D.A.N. Joint Venture v. Armstrong* for the proposition that Ohio's borrowing statute does not apply retroactively to a cause of action that accrued prior to April 7, 2005. (Doc. 9 at 7.) In *D.A.N.*, the plaintiff filed suit in Ohio to collect upon a debt. *D.A.N.*, 2007-Ohio-898 at ¶ 11. The defendant counterclaimed alleging several violations, including violation of the FDCPA on grounds that the lawsuit was barred by the applicable statute of limitations. *Id.* To determine whether the action was time-barred, the court had to decide whether Ohio's fifteen-year statute of limitations or Florida's five-year limitations applied. *See id.* at ¶¶ 25-30. The court found that, since Ohio's borrowing statute did not take effect until after the plaintiff filed suit, it could not be applied

---

retroactively, e.g. in the past." (*Id.*) Taken to its logical extreme, Dudek's statutory construction would mean that the borrowing statute applies *only* to actions that accrued in the past. Because a statute should not be interpreted to produce absurd results, the Court declines to adopt Dudek's suggested statutory construction. *See Bryant v. Dollar Gen. Corp.*, 538 F.3d 394, 402 (6th Cir. 2008) ("Established principles of statutory interpretation caution against interpretations that lead to internal inconsistencies, an absurd result, or an interpretation inconsistent with the intent of Congress.") (internal citation omitted).

retroactively because to do so would deprive the plaintiff of its right to sue to recover the debt owed. *Id*. at ¶ 29.  As a result, the *D.A.N.* court concluded that Ohio's statute of limitations applied.  *Id*. at ¶ 30.

Dudek attempts to distinguish *D.A.N.* on the grounds that, in that case, unlike here, the complaint was filed *prior* to the borrowing statute's effective date.  (Doc. 11 at 11.)  As a result, Dudek argues, O.R.C. § 2305.03(B) could not be applied retroactively in *D.A.N.* "because the right to sue was vested when the complaints were filed."  (*Id*.)  Because the borrowing statute was in effect by the time T&T filed the State Court Complaint in 2007, Dudek alleges that the statute applies and requires application of New Hampshire's statute of limitations.

In a recent 2009 decision in the Southern District of Ohio, the court addressed the same issue presented here: whether Ohio's borrowing statute applies retroactively to claims that accrued *before* the statute was enacted even though the complaint was filed *after* the statute's April 7, 2005 effective date.  *Executone of Columbus, Inc.*, 665 F.Supp.2d at 918.  In *Executone*, the court cited with approval a Southern District of Indiana case which "declined to apply O.R.C. § 2305.03(B) where all of the plaintiff's claims accrued before the borrowing statute's effective date even though the complaint was filed after the effective date."  *Id*. (citing *Ormond v. Anthem, Inc.*, No. 05-cv-1908, 2008 U.S. Dist. LEXIS 30230, *59, n.12 (S.D. Ind. Mar. 31, 2008)).[12]  The *Ormond* court found that

---

[12]In *Executone*, the court distinguished two cases from the Northern District of Ohio in which the courts employed Ohio's borrowing statute to bar claims where the cause of action accrued prior to O.R.C. § 2305.03(B)'s effective date.  *Executone*, 665 F.Supp.2d at 918 (citing *Wolper v. Hotel Europe*, 552 F.Supp.2d 687, 691 (N.D. Ohio 2008); *Eberly v. Optimum Nutrition, Inc*., 2007 U.S. Dist. LEXIS 49706 *9 (N.D. Ohio 2007)).  The Court agrees with the *Executone* court's assessment that "the *Wolper* and *Eberly* opinions are devoid of any analysis concerning whether the application of O.R.C. § 2305.03(B) to claims that have accrued before the statute was enacted is proper."  *Id*.

there "is no evidence that the Ohio General Assembly intended its borrowing statute to be applied retrospectively." *Ormond*, 2008 U.S. Dist. LEXIS 30230 at *59, n.12. As such, the court concluded that O.R.C. § 2305.03(B) did not bar the plaintiff's claims because they accrued before the statute's effective date. *Id*.

The *Executone* court, agreeing with the *Ormond* court's analysis, found that the plaintiff's promissory estoppel claims accrued – and therefore vested – prior to the borrowing statute's effective date. *Executone*, 665 F.Supp.2d at 919. The court noted that, once a cause of action vests, it "becomes a substantive right for purposes of Section 28, Article II." *Id.*; *see also Garcia v. Wyeth-Ayerst Labs.*, 385 F.3d 961, 968 (6th Cir. 2004) ("A litigant has no vested property right in a cause of action until it accrues."). Because application of Ohio's borrowing statute "would result in the destruction of an accrued substantive right," the court held that the plaintiff's claims were not barred by Ohio's borrowing statute. *Executone*, 665 F.Supp.2d at 919.

The Court finds the analysis in *Executone* and *Ormond* persuasive, and this case is sufficiently analogous to warrant the same result. Here, as discussed in greater detail below, T&T's breach of contract claim accrued, and therefore vested, in 2002 – prior to the borrowing statute's 2005 effective date. Application of O.R.C. § 2305.03(B) to the state court action would render T&T's claim time-barred and, in doing so, would destroy an accrued substantive right. *See Executone*, 665 F.Supp.2d at 919. Accordingly, the Court finds that Ohio's borrowing statute does not apply retroactively to T&T's breach of contract claim.[13]

---

[13]In light of the Court's conclusion that Ohio's borrowing statute does not apply retroactively to T&T's breach of contract claim, the Court need not address T&T's alternative argument that, assuming the statute does apply, it nonetheless requires application of Ohio's statute of limitations.

Since the borrowing statute does not apply, Ohio law supplies the relevant statute of limitations.[14]  *See D.A.N.*, 2007-Ohio-898, at ¶ 28 ("In the absence of this statute, Ohio has consistently applied the practically universal rule that limitations of actions are fixed by the laws of the state in which suit is filed rather than that in which a cause of action arises.").

### C.    Under Ohio's Limitations Periods, T&T's Breach of Contract Action was Timely-Filed.

In Ohio, an action for breach of a written contract must be filed within fifteen years after the cause of action accrued.  O.R.C. § 2305.06.  It is well-established that a cause of action for breach of contract accrues when the breach occurs.  *Turner v. Retirement Plan of Marathon Oil Co.*, 659 F.Supp. 534, 538 (N.D. Ohio 1987) ("A statute of limitations runs from the time a claim accrues and causes of action accrue when a wrong or breach occurs."); *see also Eberly v. Optimum Nutrition, Inc.*, No. 3:06CV1487, 2007 U.S. Dist. LEXIS 49706, *12-13 (N.D. Ohio July 10, 2007) (finding

---

[14]Because the Court concludes that Ohio's statutes of limitation control, the Court also does not address T&T's alternative argument that, if New Hampshire's statute of limitations applies, it was tolled.  (*See* Doc. 12 at 6-7.)  The New Hampshire statute of limitations for an action on a credit card is three years.  N.H. Rev. Stat. Ann. § 508.4(I) (2009).  This statutory period is tolled, however, if a defendant is absent from and residing outside of the state when the cause of action accrued.  *See* N.H. Rev. Stat. Ann. § 508:9 ("If the defendant in a personal action was absent from and residing out of the state at the time the cause of action accrued, or afterward, the time of such absence shall be excluded in computing the time limited for bringing the action.").

It is not clear that New Hampshire's tolling statute would even apply to cases such as this, where the defendant never resided in New Hampshire and therefore the limitations period could be indefinitely tolled.  *Compare Gaisser v. Portfolio Recovery Assoc., LLC*, 571 F.Supp.2d 1273, 1277-78 (S.D. Fla. 2008) (finding that "interpreting the tolling provision such that the statute of limitations would never run on Defendants' claim in the state court does not serve the purposes of statutes of limitations and produces an illogical and unreasonable result") *with Avery v. First Resolution Management Corp.*, 568 F.3d 1018, 1023 (9th Cir. 2009) ("Because Avery was absent from New Hampshire at all relevant times, the statute of limitations on the claim against her was tolled under New Hampshire law and had not run by the time the Attorneys brought suit against her in Oregon.").

that the plaintiff's cause of action for breach of contract accrued when the breach occurred).

Where the contract at issue is a credit card agreement, and the parties have not submitted evidence of the cardholder's signature on an application for the card, it is not clear that the contract qualifies as a "contract in writing" for statute of limitations purposes. *Unifund CCR Partners v. Childs,* No. 23161, 2010-Ohio-746, ¶ 16 (Ohio Ct. App. Feb. 26, 2010) (citing *Unifund CCR Partners v. Hemm*, No. 08-CA-36, 2009-Ohio-3522, ¶ 25 (Ohio Ct. App. July 17, 2009)). Under Ohio law, however, "issuance and use of a credit card can create a legally binding agreement." *Bank One, Columbus, N.A. v. Palmer*, 579 N.E.2d 284, 285 (Ohio Ct. App. 1989) ("Credit card agreements are contracts whereby the issuance and use of a credit card creates a legally binding agreement."). In both *Childs* and *Hemm*, the courts characterized the credit card agreement as a contract not in writing. *See Childs*, 2010-Ohio-746 at ¶¶ 17-19; *Hemm*, 2009-Ohio-3522 at ¶¶ 25-27. As such, the courts applied Ohio's six-year statute of limitations for oral contracts. *Id.*; *see* O.R.C. § 2305.07 (providing that "an action upon a contract not in writing, express or implied . . . shall be brought within six years after the cause thereof accrued").

As was the case in *Childs* and *Hemm*, the Agreement submitted to the Court in this case does not reflect Dudek's signature. Although the parties do not specifically brief this issue, it is not clear that the Agreement qualifies as a written contract for statute of limitations purposes. Perhaps recognizing this potential issue, T&T mentions, for the first time in its supplemental briefing, that the state court action was timely filed within six-years of Dudek's breach, and therefore the statutes of limitations for both oral and written contracts are satisfied. (Doc. 18 at 1.) The Court agrees with T&T and finds that, even if the Agreement does not qualify as a contract in writing, which Dudek does not allege, T&T's state law action was not time barred.

19

T&T submits, and Dudek does not dispute, that the relevant date for purposes of accrual of the state court action is July 22, 2002 – the date upon which Dudek's obligation to pay under the credit card agreement became due and owing.  Since the state court action was commenced on November 30, 2007, less than six years later, it falls within Ohio's fifteen-year limitations period for written contracts *and* within the six-year period for oral contracts.  Therefore, regardless of which statute of limitations applies, the state court action against Dudek was timely-filed.  Accordingly, the Court finds that T&T's conduct in filing the State Court Complaint did not violate the FDCPA.

IV.    **CONCLUSION**

For the foregoing reasons, the Court finds that T&T is entitled to judgment on the pleadings: because T&T's underlying State Court Complaint was not time-barred under Ohio's statute of limitations, Dudek cannot premise an "untimeliness" claim under the Fair Debt Collection Practices Act on that filing.  Accordingly, Defendant Thomas & Thomas Attorneys & Counselors at Law, LLC's Motion for Judgment on the Pleadings (Doc. 9) is **GRANTED**.  This case, therefore, is **DISMISSED**.


**IT IS SO ORDERED.**

s/Kathleen M. O'Malley

**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**


**Dated: March 22, 2010**